1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NOEL RIVERA,

       Plaintiff,

   v.

WELLS FARGO BANK, N.A., AS TRUSTEE
UNDER POOLING AND SERVICING
AGREEMENT DATED AS OF NOVEMBER 1,
2004, ASSET-BACKED PASS-THROUGH
CERTIFICATES SERIES 2004 WHQ2,
BARCLAYS CAPITAL REAL ESTATE d/b/a
HOMEQ SERVICING CORPORATION, OLD
REPUBLIC DEFAULT MANAGEMENT
SERVICES, ARGENT MORTGAGE
COMPANY, LLC, THE HOME LOAN GROUP,
and DOES 1–100, Inclusive.

       Defendants.

                             /

No. C 10-01050 WHA

**ORDER DENYING
MOTION TO SET ASIDE
FINAL JUDGMENT AND
VACATING HEARING**

**INTRODUCTION**

Plaintiff moves to set aside the final judgment dismissing the case, claiming excusable

neglect under FRCP 60(b)(1).  For the reasons that follow, the motion is **DENIED**.

**STATEMENT**

Plaintiff brought this action alleging violations of federal law related to predatory lending

arising from a property foreclosure dispute.  Defendants Wells Fargo Bank, N.A. and Barclays

Capital Real Estate filed a motion to dismiss plaintiff's complaint.  Pursuant to Civil Local

Rule 7-3, any brief in opposition to the motion was due on April 8, 2010, but no such opposition

1   was received.  Plaintiff was ordered to respond by April 14, 2010, and show cause for his failure

2   to respond to the motion in accordance with Civil Local Rule 7-3(a), or alternately to file a

3   statement of nonopposition to the motion as required by Civil Local Rule 7-3(b).  When that

4   deadline passed with no response from plaintiff, the case was dismissed without leave to amend

5   on April 19, 2010.  Plaintiff now moves to set aside the final judgment.

6          Plaintiff's counsel, Attorney Pier Paolo Caputo contends in an unsworn statement that he

7   originally planned to appear *pro hac vice*, but later decided to oppose defendants' motion by

8   filing an amended complaint rather than an opposition (Br. 4).  Attorney Caputo contends he was

9   unaware of the fact that he needed to be a member of the bar to file the amended complaint

10  electronically (*ibid.*).  Defendants contend that plaintiff is attempting to mislead the Court, and

11  point to the fact that he has been licensed in the Central District since at least 2000, showing he

12  knew of the requirement for filing (Opp. 1).  Attorney Caputo states that once he discovered the

13  requirement when he tried to file the complaint, he applied for bar admission, but he sent the

14  wrong fee amount and had to apply twice (Br. 4).  Due to these delays, he was not admitted to the

15  bar until May 7, 2010, several weeks after the case was dismissed (*ibid.*).

16         Additionally, in a sworn declaration, Attorney Caputo's paralegal states that he sent via

17  Federal Express a copy of the first amended complaint to the Court and the tracking document

18  shows it was received on April 7, 2010, but phone calls to our Clerk revealed that the document's

19  whereabouts were unknown (Matamoros Decl. ¶¶ 3–6; Party Exh. B, C).  Plaintiff does not

20  contend that he ever attempted to answer the court order, either via mail or electronic filing.

                                              **ANALYSIS**

22         Plaintiff contends that the delays in securing admittance to the bar and the lost first

23  amended complaint constitute "excusable neglect" under FRCP 60(b)(1), which governs the

24  standards for relief from final judgment.  FRCP 60(b)(1) grants a district court discretion to

25  relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or

26  excusable neglect" provided that the party moves for such relief not more than a year after the

27  judgment was entered.  FRCP 60(b)(1) guides the balance between the overriding judicial goal

28  of deciding cases correctly with the interest of the litigants and the courts in the finality of

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    judgments.  Accordingly, a party is not entitled to relief under FRCP 60(b)(1) merely because it

2    is unhappy with the judgment, but must show why it was justified in failing to avoid a mistake

3    or inadvertence.  Gross carelessness is not enough, nor is ignorance of the law.  *Pena v. Seguros*

4    *La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

5         The Supreme Court has held that excusable neglect under FRCP 60(b)(1) is essentially an

6    equitable determination, and the entire context should be taken into account.  *Pioneer Investment*

7    *Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393–95 (1993).  In *Pioneer*,

8    the counsel asserting excusable negligence gave two excuses:  (1) he was moving from his former

9    law firm, causing him to loose access to his case files before the bar date, and (2) the notice of the

10   bar date was very different than the model notice causing "dramatic ambiguity," and when

11   counsel enquired about a bar date he was informed there was none.  116 F.3d at 384–87.  The

12   Supreme Court declined to find that the business difficulties counsel encountered were excusable,

13   explicitly stating "[W]e give little weight to the fact that counsel was experiencing upheaval in his

14   law practice at the time of the bar date," and only considered the unclear, nonstandard notice in its

15   ruling.  *Id.* at 398.

16        In this case, Attorney Caputo also suffered difficulties that are part and parcel with a

17   standard law practice.  His failure to both electronically and by mail submit responses to both the

18   motion and the order should be given no weight; they are due to the attorney's failures alone and

19   not attributable to any outside factors or any nonstandard actions by defense.

20        Additionally, the Ninth Circuit places great weight on the culpability of the movant when

21   determining excusable neglect.  In *Meadows v. Dominican Republic*, 817 F.2d 517, 521–22

22   (9th Cir. 1987), the court found that the defendants had received actual notice of the complaint,

23   were informed of the consequences of not responding, and their failure to respond based on the

24   advice of counsel was inexcusable neglect; "[a] defendant's conduct is culpable if he has received

25   actual or constructive notice of the filing of the action and failed to answer."  The Ninth Circuit

26   has "tended to consider the defaulting party's general familiarity with legal processes or

27   consultation with lawyers at the time of the default as pertinent to the determination whether the

28   party's conduct in failing to respond to legal process was deliberate, willful or in bad faith."

1  *TCI Life Insurance Plan v. Knobber*, 244 F.3d 691, 699 n.6 (9th Cir. 2001) (finding "exigent

2  personal circumstances" for a grieving widow who moved to another state and was *without*

3  counsel). The only exception to this generalization has been when the attorney suffers a serious

4  misfortune that was beyond his control, as in *Bateman v. United States Postal Service*, 231 F.3d

5  1220, 1221–23 (9th Cir. 2000), where the court held that the defendant was not culpable when the

6  attorney left for Nigeria for a family emergency, and did not receive his mail until his return after

7  the filing deadline. A failure to ensure timely admission to the bar does not come to the level of

8  "exigent personal circumstances" of *TCI* or *Bateman*. Furthermore, failure to comply with the

9  order to show cause shows inexcusable neglect.

10  Plaintiff argues that under the four *Pioneer* factors, the motion should be granted.

11  The four factors are: (1) the danger of prejudice to the [non-movant], (2) the length of the delay

12  and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it

13  was in control of the movant, and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S.

14  380 at 395. He argues that his mishaps were an acceptable reason for delay, and that he acted in

15  good faith at all times. Yet the Supreme Court's explicit mention of the reason for delay being

16  "in control of the movant" and the Ninth Circuit's focus on culpability weigh heavily against

17  finding that plaintiff has a legitimate reason for failing to respond to the motion to dismiss and

18  the order. Attorney Caputo's delayed admission to the bar because he was unaware of the

19  necessity of membership to make electronic submissions and for paying the wrong amount were

20  fully within his control. He also had full control over mailed submissions and requests for

21  extensions. Attorney Caputo should have known about filing requirements from his license in

22  the Central District. Even after he was essentially given a one-week extension by order, plaintiff

23  did not respond. Plaintiff did not submit the motion to set aside the final judgment until over a

24  month after the order to show cause. Indeed, plaintiff still has not responded to the order or

25  defendants' motion.

**CONCLUSION**

27  Plaintiff has not acted with excusable neglect. Plaintiff is culpable for Attorney Caputo's

28  failures to respond to defendants' motion to dismiss and the order to show cause. Business

4

difficulties in the course of legal practice are not excusable.  For the foregoing reasons, plaintiff's motion to set aside final judgment is **DENIED**.  The hearing scheduled for June 24, 2010, is unnecessary and hereby **VACATED**.

      **IT IS SO ORDERED.**

Dated:  June 15, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California